UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EARL BURNS,

    *Plaintiff*,                                 CASE NO. 14-cv-11814-TLL-PTM

v.                                          DISTRICT JUDGE THOMAS LUDINGTON
                                               MAGISTRATE JUDGE PATRICIA MORRIS

HOYT NURSING HOME & REHAB
CENTER, and JON R. REARDON

    *Defendants*.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANTS'
MOTION TO DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT**
(Doc. 10)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment be **GRANTED.**

**II.    REPORT**

    **A.    Introduction**

Proceeding *Pro se*, Plaintiff filed his Complaint on May 6, 2014 under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, alleging that he was terminated in retaliation for charges of harassment that he made against his supervisor. (Doc. 1.) Plaintiff may also allege the state law claim for wrongful dismissal of employment. (*Id.*) Defendants are Hoyt Nursing & Rehab Center ("Hoyt"), Plaintiff's former employer, and Jon R. Reardon, the

president of Hoyt. (Doc. 10 at 12.) On February 7, 2014, Plaintiff received a Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC"), which had opted to "terminat[e] the processing of [the] charge." (Doc. 1 at 4.)

Defendants filed this Motion to Dismiss and/or for Summary Judgment on July 16, 2014 arguing that (1) Plaintiff's claim fails to show he was retaliated against for an activity that was protected under Title VII because the harassment grievance did not mention his membership in a protected class; (2) Plaintiff's claim is "preempted by the NLRA" because "it alleges an unfair labor practice"; (3) Plaintiff failed to properly exhaust administrative remedies because the EEOC claim never alleged retaliatory termination and because he voluntarily dismissed his EEOC claim before the 180-day conciliatory period had expired; (4) the claim against Defendant Reardon should be dismissed because individuals are not liable under Title VII unless they also meet the definition of employer; and (5) this Court should not exercise supplemental jurisdiction over any state law claims since Plaintiff's federal law claim should be dismissed. (Def.'s M. Summ. J., Doc. 10 at 19, 21, 22, 24-27.)

On August 13, 2014, Plaintiff submitted the following one-sentence response to Defendants' Motion: "I Earl Burns wish to proceed with the legal action . . . for the wrongful dismissal of employment." (Doc. 12 at 1.)

On May 12, 2014, United States District Judge Thomas L. Ludington referred all pretrial matters to the undersigned magistrate judge. (Doc. 4.) Defendant's motion is ready for report and recommendation without oral argument. *See* E.D. Mich. L.R. 7.1(f)(2).

    **B.**    **Motion Standards**

A motion for summary judgment will be granted under Rule 56 of the Federal Rules of Civil Procedure when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has "'the initial burden of showing the absence of a genuine issue of material fact' as to an essential element of the non-movant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v Catrett*, 477 U.S. 317, 323 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 325.

The non-moving party cannot rest merely on the pleadings in response to a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). When the non-moving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely on the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992).

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

### C.     Background

Plaintiff's Complaint consists of a general civil complaint form and a copy of the EEOC right to sue letter. (Doc. 1.) In the statement of claim section Plaintiff wrote that,

> I was terminated on 8-23-13 by Jon R. Reardon . . . . It all started when I file[d] harassment charges on my supervisor Tom Kingry on 5-15-13 about a fact finder I refuse[d] to sign it. He got upset with me, and started raising his voice at me . . . . I asked Tom to get me a union steward, but he kept talking and I ask[ed] him a second time . . . and he finally got me a steward. Three months later I was terminated on 8-28-13. I f[ee]l that [I] was retaliate[d] [against] because I file[d] [h]arassment charges on my supervisor[.] I had 13 1/2 years and my plan was to retire[] from Hoyt in 7 years.

(Doc. 1 at 2.)

According to a memorandum dated September 9, 2013, Plaintiff was put on temporary suspension on August 28, 2013, which was retroactively changed to employment termination because of "performance failures and non-compliance with work directives." (Doc. 10-6 at 4.)

Plaintiff filed a grievance with his union on May 15, 2013, complaining that his supervisor, Tom Kingry, had harassed him. (Doc. 10-4 at 2-3.) According to the grievance report, filled out by Plaintiff, his supervisor called him into the office on May 15 regarding an ice machine that he had neglected to clean. (*Id.*) Plaintiff's supervisor then asked Plaintiff to sign a form indicating what had been discussed and Plaintiff refused. (*Id.*) Plaintiff then reports

4

that his supervisor got mad and started yelling at him "because I would [not] sign the [form]." (*Id.*) Nowhere in the grievance report does Plaintiff say that he was harassed because of his membership in any protected class. Instead, it appears he believes he was harassed for not signing the form.

Plaintiff filed an EEOC Charge of Discrimination with the EEOC on August 28, 2013. (Doc. 10-8 at 2.) Plaintiff stated that he was a fifty-five year old African American and believed he had been treated differently because of his age and race. (*Id.*)

### C.     Analysis and Conclusion

Title VII, reads in relevant part that, "it shall be an unlawful practice for an employer to discriminate against any of his [or her] employees . . . because he [or she] has opposed any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e-3. A retaliation claim can be established by introducing either direct or circumstantial evidence. *Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d. 531, 543 (6th Cir. 2008). "Direct evidence is that evidence which, if believed, requires no inferences to conclude that unlawful retaliation was a motivating factor in the employer's action." *Id.* In contrast, circumstantial evidence requires inferential steps to lead to a conclusion of retaliation. *Id.*

When a plaintiff only offers circumstantial evidence of retaliation, courts apply a modified *McDonnell Douglas* burden shifting framework. *Id.* To begin with, a plaintiff has the initial burden of establishing a prima facie case by showing "(1) he [or she] engaged in activity protected by title VII"; (2) the defendant knew about the plaintiff's exercise of the protected activity; (3) after the protected activity took place, "the defendant took an action that was 'materially adverse' to the plaintiff; and (4) a causal connection existed between the protected

5

activity and the materially adverse action." *Laster v. City of Kalamazoo*, 746 F.3d. 714, 730 (6th Cir. 2014) (quoting *Jones v. Johanns*, 264 F. App'x 463, 466 (6th Cir. 2007)). If the plaintiff makes out all the elements then the burden of production shifts to the defendant to show that there was a "legitimate, non-discriminatory reason" for the adverse action. *Id.* If the defendant makes this showing, then the burden shifts back to the plaintiff "to demonstrate that [the] [d]efendants' proffered reason was not the true reason for the employment decision." *Id.*

Plaintiff's Complaint argues that he was retaliated against for filing the union harassment grievance. (Doc. 1 at 2) ("I f[ee]l that [I] was retaliate[d] [against] because I file[d] [h]arassment charges on my supervisor."). However, Plaintiff's harassment grievance was not a protected activity because it was not protected by Title VII. Plaintiff stated in his harassment grievance that his supervisor got mad at him and started yelling at him because "because [he] would [not] sign the [form]." (Doc. 10-4 at 3.) He did not complain that he was harassed because of his membership in a protected class. Therefore Plaintiff fails to make out the first element of a retaliation claim in his Complaint.

If Plaintiff's Complaint were construed *extremely* liberally, this Court could consider the EEOC charge of discrimination as a protected activity and Plaintiff would meet the first element. However, especially since Plaintiff does not even mention his EEOC claim in his Complaint, he would fail to meet any of the other elements. He does not show that the Defendants knew about the letter, the letter is dated the same day as his termination, and he fails to show how his termination is causally connected to his EEOC claim.

Further, even if Plaintiff were able to make a prima facie claim of retaliation, Defendants meet their burden of showing that there was a legitimate reason for the termination.

Defendants state that Plaintiff was terminated for "performance failures and non-compliance with work directives." (Doc. 10-6 at 4.) Because Defendants provided a legitimate reason for the termination, the burden falls back on Plaintiff to show that this reason was pretext for discrimination. *See Laster*, 746 F.3d. at 730. Plaintiff states "I f[ee]l that [I] was retaliate[d] [against] because I file[d] [h]arassment charges on my supervisor." (Doc. 1 at 2.) This "feeling" is not supported by any evidence, direct or indirect, so Plaintiff fails to meet his burden of showing pretext. Therefore, I suggest that Plaintiff has failed to make out a Title VII retaliation claim. Because this suggestion is dispositive, I further suggest that it is unnecessary to consider Defendants' remaining arguments.

In addition, I recommend that any state law claim for wrongful termination of employment also be dismissed. I further suggest that, pursuant to *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966), this Court should decline to exercise its discretion to entertain the pendent state law claims made by Plaintiff. *See id*. at 726 (noting that generally "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.") *See also Hankins v. The Gap, Inc*., 84 F.3d 797, 802-03 (6th Cir. 1996) (when all federal claims have been dismissed at a pretrial stage and the parties are non-diverse, the district court should decline to exercise supplemental jurisdiction over the surviving state law claims).

For the reasons stated above, I recommend that Defendants' Motion for Summary Judgment be **GRANTED**.

### III.     REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  November 25, 2014                    /S PATRICIA T. MORRIS
                                            Patricia T. Morris
                                            United States Magistrate Judge